MARTHA JOHNSON, ADMINISTRATRIX AD PROSEQUEN-DUM OF KNUTE JOHNSON, DECEASED, PLAINTIFF-RESPONDENT, v. ERNEST JOHANSEN, ADMINISTRA-TOR OF THE ESTATE OF THEODORE ARNBERG, DE-CEASED, ET AL., DEFENDANTS-APPELLANTS.

Submitted May 25, 1934—Decided September 27, 1934.

For the appellants, *John C. Stockel.*

For the respondent, *David T. Wilentz.*

The opinion of the court was delivered by

CAMPELL, CHANCELLOR. This is an appeal from a judgment, entered upon verdict, in an action for damages resulting from the death of respondent's decedent, which death was

caused, as is said, by the negligence of appellant and appellant's decedent in the operation of a motor vehicle owned by the appellants, Ernest Johansen and Theodore Arnberg, and operated by the latter.

Four grounds are urged for reversal.

The first and second are: error in refusing to nonsuit and to direct a verdict in favor of the appellants. These motions were urged upon two grounds: (a) that there was no proof of negligence, and (b) because the proofs established that respondent's decedent was a licensee toward whom appellants owed no duty other than to abstain from acts productive of willful harm and injury as to which there was no proof.

We find no error in these rulings. The proofs indubitably presented both questions for solution by the jury.

The third ground of appeal is directed at the following portion of the charge: "I said to you that the defendants say, in the first place, that the driver was not negligent; and, in the second place, that the deceased, that is, Knute Johnson, was himself guilty of negligence which contributed to this happening; but, let me say to you * * * that from the evidence in this case there is none that the court remembers from which a jury could say that there was contributory negligence on the part of the deceased, Knute Johnson. So far as that phase of the case is concerned, you will not be called upon to determine it."

This was a binding instruction, completely removing from consideration by the jury, the question of negligence of respondent's decedent, contributing to the happening.

This was error. There was in the proofs that from which it might reasonably be said that respondent's decedent did not act the part of a reasonably prudent person. Under such circumstances a jury question is presented. 45 *C. J.* 1016, § 566; *Ibid.* 1017, § 568; *Tobish* v. *Cohen,* 110 *N. J. L.* 296; *Yanco* v. *Thon,* 108 *Id.* 235; *Sussman* v. *Sussman, Ibid.* 384; *Audino* v. *Hantman,* 11 *N. J. Mis. R.* 478; *Preiss* v. *Public Service, Ibid.* 426; *Schaack* v. *Holmes,* 10 *Id.* 226.

The fourth and remaining ground of appeal is also directed at the charge and to the following portion thereof:

"I should say to you at this point * * * that there has been some discussion and some argument as to whether or not Knute Johnson at the time of this accident was an invitee or licensee in this car. From the evidence in this case, the court charges you that at the time of this accident the deceased, Knute Johnson, was an invitee in this car, so that he could not be charged with any negligence of the driver himself. So that the sole question that you have to decide is, as I have outlined to you, whether or not this driver was negligent, and whether or not that negligence, if there was negligence, was the proximate or one of the proximate causes of this accident."

Here again is a binding instruction limiting the jury to consideration of a single matter, namely; whether the driver of the car was chargeable with negligence which was the proximate cause of the happening complained of. This instruction in connection with that which was the subject of complaint under ground 3 excluded from consideration of the jury not only whether respondent's decedent was an invitee or licensee in relation to the appellants but also the question whether the facts and circumstances as established by the proofs were such as to charge him, if an invitee, with contributory negligence.

Again we conclude that the instruction was harmfully erroneous. The proofs are such that it could not be said, as a matter of law, that respondent's decedent was an invitee or licensee. It was a matter to be determined by the jury upon its finding of fact under proper instructions from the trial court. *Timannus* v. *DeWitt,* 109 *N. J. L.* 168; *Devine* v. *Heinrich, Ibid.* 378; *Vande Polder* v. *Van Bevern, Ibid.* 524.

The judgment under review is reversed, and a *venire de novo* is awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.